IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROMAN ROSAS-MARTINEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:23-cv-287 |
| WARDEN, FCI BEAUMONT LOW | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Roman Rosas-Martinez, an inmate confined at the Federal Correctional Complex located in Beaumont, Texas, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### The Petition

Petitioner brings this Petition challenging the execution of his sentence. Petitioner contends the Bureau of Prisons has failed to properly award him earned time credits under the First Step Act, incorrectly marking him as ineligible due to an immigration detainer.

### The Response

The Respondent was ordered to show cause why relief should not be granted. In response, the Respondent filed a Motion for Summary Judgment. (Doc. #4.) The Respondent moves for summary judgment dismissal based on Petitioner's failure to exhaust administrative remedies.

### Standard of Review

*Summary Judgment*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone*

*Travel Tech Marine & Offshore v. Int'l Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment carries the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). "Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." *Commander v. BASF Wyandotte Corp.*, 978 F.2d 924, 927 n.4 (5th Cir. 1992). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

Generally, a federal prisoner must exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir.), *cert. denied*, 541 U.S. 1036 (2004); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The exhaustion requirement applies to the computation of sentence credit awards. *See, e.g. United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); *Rodriguez v. Lamar,* 60 F.3d 745, 747 (11th Cir. 1995). Exceptions to the exhaustion requirement

apply only in "extraordinary circumstances" and the petitioner bears the burden of demonstrating the futility of administrative review. *Fuller*, 11 F.3d at 62; *Gardner v. School Bd. Caddo Parish*, 958 F.2d 108, 112 (5th Cir.1992).

The Federal Bureau of Prisons (BOP), which administers the prison in which Petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may file a national appeal to the Office of General Counsel as the final step in the administrative appeal process. *Id.*

Here, the competent summary judgment evidence shows Petitioner failed to exhaust the available administrative remedy procedure prior to filing his Petition. The record shows Petitioner failed to file a grievance at any level concerning the issues which form the basis of his Petition. (Doc. 4-1 at *2, 15). Thus, Petitioner failed to properly pursue his claims through all steps of the available grievance procedure in a procedurally correct manner. Accordingly, the Respondent's Motion for Summary Judgment should be granted, and the Petition should be dismissed without prejudice.

## Recommendation

The Respondent's Motion for Summary Judgment should be granted, and the Petition for Writ of Habeas Corpus should be dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an

aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 29th day of November, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE